FILED
2022 May-26  AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| REGINA GODFREY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CASE NO.: |
| | ) | |
| PREFERRED PAIN ASSOCIATES OF | ) | |
| ALABAMA, PC.; and LUC FRENETTE, | ) | |
| INDIVIDUALLY, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

_____

## COMPLAINT

_____

**Preliminary Statement:**

**COMES NOW** Plaintiff Regina Godfrey ("Plaintiff" or "Godfrey"), by and through undersigned counsel, and brings this action to redress the unlawful discrimination suffered by Plaintiff, including her discharge from her employment by her employer Defendant Preferred Pain Associates Of Alabama, PC. ("Preferred Pain"), which was unlawfully motivated by Plaintiff's age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 630(h) and the Alabama ADEA, Alabama Code §25-1-20(2), recover Plaintiff's unpaid overtime pay from Defendant Preferred Pain under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*, and recover Plaintiff's damages suffered as a result of Defendant Preferred Pain and Defendant Luc Frenette's ("Frenette")

breach of contract and misrepresentation and/or suppression of materially qualifying facts.

**I.      Parties:**

1.      Plaintiff Godfrey is an individual resident citizen of the United States residing in State of Alabama, and has been at the material times referred to herein.  Godfrey's date of birth is March 22, 1953, and she 62 years old when she was hired by as an "office manager" for Defendant Preferred Pain and as a "personal assistant" for Defendant Frenette, on July 1, 2014.

2.      On or about August 5, 2020, Godfrey was 68 years old and was involuntarily terminated from the above employment.  Upon information and belief, Plaintiff was thereafter replace by an individual who was substantially younger.

3.      Upon information and belief, Defendant Preferred Pain Associates Of Alabama, PC. ("Preferred Pain") is a professional corporation organized and existing under the laws of the State of Alabama with its principal offices and place of business in Jefferson County, Alabama.

4.      Upon information and belief, Defendant Luc Frenette's ("Frenette") is an individual resident citizen of the United States residing in Jefferson County, Alabama, and has been at the material times referred to herein.

5.      Upon information and belief, Defendant Preferred Pain was at all times the "employer" of Godfrey within the meaning of the Age Discrimination in Employment Act (ADEA) (29 U.S.C. §630(h)), the Alabama ADEA (Alabama

Code §25-1-20), and/or the Fair Labor Standards Act ("FLSA") (29 U.S.C. §§201 *et seq*.).

6.     Upon information and belief, Godfrey was at all times an "employee" of Defendant Preferred Pain within the meaning of the Age Discrimination in Employment Act (ADEA) (29 U.S.C. §630(h)), the Alabama ADEA (Alabama Code §25-1-20), and/or the Fair Labor Standards Act ("FLSA") (29 U.S.C. §§201 *et seq*.).

**II.     Jurisdiction:**

7.     This Court has jurisdiction over Godfrey's claims for age discrimination in violation of §7(b) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §626 by virtue of §7(b) of the ADEA, 29 U.S.C. §626(b), and 28 U.S.C. § 1343(4).

8.     This court has jurisdiction over Godfrey's claims for unpaid overtime pay from Defendant Preferred Pain under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*., and 28 U.S.C. § 1343(4).

9.     This court may exercise supplementary jurisdiction over Godfrey's claims arising under the Alabama ADEA (Alabama Code §25-1-20), and claims for breach of contract, misrepresentation and/or suppression of materially qualifying facts against Defendant Preferred Pain and Defendant Frenette pursuant to 28 U.S.C. §1367 because Godfrey's claims are so related and intertwined that they are a part of the same case or controversy under Article III of the United States Constitution.

### III.    Administrative Prerequisites:

10.    Godfrey filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 29, 2021, charging Defendant Preferred Pain with discriminating against her on the basis of her age, 68 years old.  (Exhibit "A").  This charge was filed within 180 days of the termination of her employment with Defendant.

11.    The EEOC sent notice of the charge to Defendants and Defendants received the notice.

12.    The EEOC issued and/or digitally signed and uploaded a "Notice of Right to Sue" with respect to Godfrey's charge of discrimination on or about February 24, 2024, and Godfrey thereafter received that notice. (Exhibit "B").

13.  This complaint is filed within 90 days of Godfrey's receipt of notice of her "right to sue" from the EEOC.

### IV.    Facts:

14.    Plaintiff began her employment with Defendants on or about July 1, 2014, when she was 62 years old.

15.    Before and at the time she was hired by Defendants, Plaintiff was gainfully employed and she left her previous employment to take the position as "office manager" for Defendant Preferred Pain and "personal assistant" to Defendant Frenette.

16.    At the time she was interviewed for the position by Defendant Frenette, Plaintiff inquired as to whether "her age" would be a problem, and

informed Defendant Frenette that she intended and wanted to continue working passed the age of sixty-five (65), and that she anticipated it would be financially necessary for her to continue working as long as she was able to do so.

17.    Before Plaintiff was offered the employment by Defendants, Defendant Frenette promised and represented to Plaintiff that if she accepted employment with Defendants and left her current position, she could continue her employment with Defendants for so long as she was physically able to perform the job duties of the offered employment.

18.    Plaintiff relied upon the representations and promises of Defendants and left her gainful employment to accept employment with Defendants. Defendants' promise and representations constituted an offer of lifetime employment which modified the "at will" employment relationship which would otherwise exist under Alabama law.

19.    After accepting Defendants' offer of employment, Plaintiff received a salary and was given the title of "office manager," but was also referred to by Defendants as Defendant Frenette's "personal assistant."  Although given the title of "office manager," Plaintiff primarily performed clerical/secretarial tasks, bookkeeping, maintenance of records and information, and "girl Friday" job duties for Defendant Frenette, such as taking and picking up his laundry, grocery shopping, preparing snacks and meals, and balancing Defendant Frenette's personal checking account.  Plaintiff exercised no independent discretion, judgment, or authority to hire, fire, promote or direct the work of other employees,

and make decisions regarding the business or management of Preferred Pain, and any decisions or directions that she communicated to other employees of Preferred Pain regarding their job duties or the business of Preferred Pain were expressly directed by Frenette, and communicated according to Frenette's instruction.

20.     Over the course of her employment, Plaintiff regularly and routinely worked 60 to 70 hours per week.  Plaintiff was not paid for hours that she worked in excess of 40 hours per week and was not paid overtime for hours in excess of 40 hours per week.

21.     Throughout her employment, Frenette and Preferred Pain routinely promised and represented to her that she was entitled to paid vacation, and although other employees of Preferred Pain were provided with paid vacation, and Preferred Pain's "employee handbook" memorialized the policy that employees were to receive paid vacation, Plaintiff did not take paid vacation and was not compensated for paid vacation days that were not taken, even though she was assured by Defendants that she would be compensated for unused vacation days.

22.     Throughout Plaintiff's employment with Defendants, she was not informed that her job performance was not acceptable to Defendants, and was not informed of any alleged job misconduct or impropriety, and in fact, Plaintiff had been performing her job duties in a satisfactory manner through the time of her involuntary termination.

23.     On or about August 5, 2020, Plaintiff was informed that her employer had decided to terminate her employment, and had formed a plan to

confront her with pretextual deficiencies in her job performance which would serve as a basis to justify her termination.   Plaintiff avers that she was involuntarily terminated and/or constructively terminated involuntarily, in that the manner and reasons that her employer intended to serve as a basis for the planned "confrontation followed by termination" were, in fact, a termination in and of itself, and were otherwise so humiliating, embarrassing and unbearable as to make her continued employment under the conditions untenable.

24.   Following the Plaintiff's termination and/or constructive termination, Plaintiff requested that Defendants pay her for promised, but unused, vacation compensation, and Defendants then breached and disregarded their promise to pay Plaintiff such compensation, by offering to pay Plaintiff less compensation than she was entitled to and by making their performance of payment contingent upon Plaintiff continuing to perform work after the termination (without offering to compensate her) and by requiring Plaintiff to enter into a "release" which released Defendant from liability for any and all actions the Plaintiff could potentially assert, both known and unknown.

## COUNT I: FEDERAL ADEA

25.   Godfrey reallege, reavers and incorporates herein by reference the allegations of paragraphs 1 through 24, as if fully set forth herein.

26.   Defendant Preferred Pain's termination of Godfrey was based upon the impermissible criteria of age and, therefore, violated the violated the Federal ADEA, 29 U.S.C. § 623(a).

27.     Defendant Preferred Pain willfully violated Godfrey' rights under the Federal ADEA.

**WHEREFORE**, Godfrey demands judgment against Defendant Preferred Pain, for the following:

(a)     Back pay with prejudgment interest from August 5, 2020, to the date of judgment herein;

(b)     Front pay and/or future lost earnings from the date of judgment for a period to be determined by the trier of fact;

(c)     Compensatory damages recoverable under the ADEA;

(d)     Liquidated damages as provided for by the ADEA.

(e)     Compensatory and punitive damages are sought pursuant to 42 U.S.C. Sections 1981a;

(f)     For the costs of this suit to include reasonable attorney's fees and all other costs of litigation such as expert fees;

(g)     Such further and different relief to which she may be entitled.

## COUNT II:  ALABAMA ADEA

28.     Godfrey realleg, reavers and incorporates herein by reference the allegations of paragraphs 1 through 27, as if fully set forth herein.

29.     Defendant Preferred Pain's termination of Godfrey was based on the impermissible criteria of age and therefore violated the Alabama ADEA.

**WHEREFORE**, Godfrey demands judgment against Defendant Preferred Pain, for the following:

(a)     Back pay with prejudgment interest from August 5, 2020, to the date of judgment herein;

(b)     Front pay and/or future lost earnings from the date of judgment for a period to be determined by the trier of fact;

(c)     Compensatory damages recoverable under the Alabama ADEA;

(d)     Liquidated damages;

(e)     Punitive damages in the amount necessary to punish Defendants for their illegal conduct and discourage others for participating in the same or similar conduct;

(f)     For the costs of this suit to include reasonable attorney's fees and all
        other costs of litigation such as expert fees;

(g)     Such further and different relief to which she may be entitled.

## COUNT III: FLSA

30.     Godfrey realle ge, reavers and incorporates herein by reference the
allegations of paragraphs 1 through 29, as if fully set forth herein.

31.     Defendant Preferred Pain's failure to pay Godfrey for hours worked
in excess of 40 hours per week and failure to pay Godfrey overtime for hours
worked in excess of 40 hours per week violated the FLSA.

32.     Defendant Preferred Pain's failure to pay Godfrey for hours worked
in excess of 40 hours per week and failure to pay Godfrey overtime for hours
worked in excess of 40 hours per week willfully violated the FLSA.

**WHEREFORE**, Godfrey demands judgment against Defendant Preferred
Pain, for the following:

(a)     Back pay with prejudgment interest from August 5, 2020, to the date
        of judgment herein;

(b)     Front pay and/or future lost earnings from the date of judgment for a
        period to be determined by the trier of fact;

(c)     Payment of compensation for hours worked in excess of 40 hours
        per week and overtime for hours worked in excess of 40 hours per
        week for the time allowable under the FLSA, with prejudgment
        interest from August 5, 2020, to the date of judgment herein;

(d)     Liquidated damages;

(c)     For the costs of this suit to include reasonable attorney's fees and all
        other costs of litigation such as expert fees;

(d)     Such further and different relief to which she may be entitled.

## COUNT IV: BREACH OF CONTRACT

33.     Plaintiff realleges, reavers and incorporates herein by reference the allegations of paragraphs 1 through 32, as if fully set forth herein.

34.     Plaintiff avers that Godfrey and Defendants entered into a valid contract supported by consideration which modified the "at will" nature of the contract for employment between Godfrey and Defendants, and that the contract was supported by consideration, in that Godfrey detrimentally relied upon Defendants' promises and representations by leaving her previous gainful employment and accepting the offer of employment made by Defendants, and by regularly and routinely working 60 to 70 hours per week for Defendants without taking vacation and without Defendants providing Plaintiff with compensation for paid vacation days which she did not take.

35.     Defendants breached their contract with Plaintiff by involuntarily terminating and/or constructively terminating Plaintiff involuntarily without sufficient cause, for the purpose of replacing her with a younger employee, and by failing to compensate Plaintiff for paid vacation days which she did not take, and/or otherwise refusing to compensate Plaintiff for paid vacation which she did not take absent her entered into a release and continuing to work for Defendants without compensation.

**WHEREFORE**, Godfrey demands judgment against Defendant Preferred Pain, for the following:

(a)     Back pay with prejudgment interest from August 5, 2020, to the date of judgment herein;

(b)     Front pay and/or future lost earnings from the date of judgment for a period to be determined by the trier of fact;

(c)     Payment of compensation for unused "paid vacation" days which Plaintiff did not take from August 5, 2020, to the date of judgment herein;

(d)     Compensatory, special and contractual damages as may be assessed by the jury;

(e)     Such further and different relief to which she may be entitled.

## COUNT V: MISREPRESENTATION AND SUPRESSION

36.     Plaintiff realleges, reavers and incorporates herein by reference the allegations of paragraphs 1 through 35, as if fully set forth herein.

37.     Plaintiff avers that Defendant Preferred Pain and/or Defendant Frenette were under a legal duty to refrain from negligently or intentionally misrepresenting material facts to Plaintiff, and/or making false and/or materially misleading statements, and/or suggesting or implying false and/or materially misleading information, which would cause and/or induce Plaintiff's detrimental reliance.

38.     Plaintiff avers that on or before the time Plaintiff left her previous gainful employment and accepted employment with Defendant Preferred Pain and Defendant Frenette, on to wit July 1 2014, Defendant Preferred Pain and Defendant Frenette negligently, recklessly and/or intentionally breached their duty to Plaintiff by misrepresenting existing material facts to Plaintiff, and/or by communicating false and/or materially misleading information to Plaintiff which concerned existing material facts, and/or by suggesting or implying false and/or

materially misleading facts, information or details related to the existing material facts in a manner intended to cause, induce and/or result in Plaintiff's detrimental reliance.

39.   More particularly, Defendants stated, misrepresented, misleading suggested or falsely implied the following:

a)   Before Plaintiff was hired, that Defendants had the present intent to employ Plaintiff in the future for the remainder of her life so long as she was physically able to continue to fulfill her employment duties without regard to her age, and that Defendants had the present intent to refrain from discriminating against Plaintiff on the basis of her age, *which was false and/or materially misleading, because at the time of the misrepresentations:*

(i)   Defendants lacked the present intent to employ Plaintiff in the future for the remainder of her life so long as she was physically able to continue to fulfill her employment duties;

(ii)   Defendants lacked the present intent to refrain from discriminating against Plaintiff on the basis of her age;

b)   After Plaintiff was hired, and while Plaintiff continued to perform job duties and perform work in excess of 40 hours per week and forego paid vacation time and forego compensation for unused vacation time, that Defendants had the present intent to employ Plaintiff in the future for the remainder of her life so long as she was physically able to continue to fulfill her employment duties without regard to her age, and that Defendants had the present intent to refrain from discriminating against Plaintiff on the basis of her age, *which was false and/or materially misleading, because at the time of the misrepresentations:*

(i)   Defendants lacked the present intent to employ Plaintiff in the future for the remainder of her life so long as she was physically able to continue to fulfill her employment duties;

(ii)   Defendants lacked the present intent to refrain from discriminating against Plaintiff on the basis of her age.

40.    Plaintiff reasonably relied upon Defendants' misrepresentations of existing material facts, communications of false and/or materially misleading information concerning existing material facts, and/or suggestions or implications of false and/or materially misleading facts, and Plaintiff was injured and damaged by her detrimental reliance by leaving her gainful employment to accept Defendants' offer of employment, and by continuing to perform her job duties and work more than 40 hours per week without receiving compensation for such hours in excess of 40 hours per week, without receiving overtime pay for such hours in excess of 40 hours per week, and forgoing earned vacation pay which was accrued, but not taken.

41.    Plaintiff did not discovery and could not reasonably discover Defendants' misrepresentations of existing material facts, communications of false and/or materially misleading information concerning existing material facts, and/or suggestions or implications of false and/or materially misleading facts, until learning of Defendants' intent to terminate her employment under a false and pretextual basis on or about August 5, 2020, and accordingly, the statute of limitations was tolled by Defendant's concealment of the truth of the matter, and Plaintiff's inability to otherwise discovery the truth of the matter.

42.    Defendants were under a legal duty to refrain from suppressing and/or concealing the material qualifying facts that they had no intention of honoring their promise or agreement to employ the Plaintiff for life and/or for so

long as she was able to perform her job duties, and Defendants lacked the intention of refraining from discriminating against Plaintiff based upon her age, and Defendants were under a legal duty to communicate, reveal or disclose to Plaintiff the truth of the matter, as a result of the following circumstances:

> a) Defendants' contractual duty to reveal the facts, their superior knowledge and access to particular knowledge, through means which they knew were not shared by Plaintiff;
>
> b) The relative value of the particular facts known to the Defendants, which were not disclosed to Plaintiff;
>
> c) The relative harm caused to Plaintiff by her lack of this knowledge;
>
> d) The relative inequality of the parties' economic positions, sophistication and bargaining positions; and
>
> e) Because the facts and information which Defendants chose to reveal to Plaintiff were intended to induce her reliance, which created the duty to fully and fairly convey the true, correct and complete information.

43. Defendants willfully, intentionally, recklessly and/or negligently breached their legal duty to refrain from suppressing and/or concealing material qualifying facts and relevant information from Plaintiff, by suppressing the following material qualifying facts that they were under a legal duty to communicate to Plaintiff.

44. The materially qualifying facts suppressed from Plaintiff were materially qualifying facts which Defendants intended Plaintiff to rely upon to her detriment, and were qualifying in their nature because Defendants' intentional concealment, suppression and/or failure to reveal these facts had a reasonable and foreseeable result of misleading the Plaintiff to induce her reliance, in a manner

which proximately harmed or injured Plaintiff and/or which proximately resulted in an unjust, unfair or inequitable benefit or advantage to Defendants.

45.    As a result of Defendants' misrepresentations and/or suppressions of material fact, Plaintiff's detrimental reliance was reasonably induced, and Plaintiff was proximately caused to suffer injury and damages.

46.    Plaintiff avers that Defendant Preferred Pain is liable for the misrepresentations and suppressions of material fact of Defendant Frenette via *respondeat superior*, alter ego, vicarious liability, joint venture, agency, ratification, acceptance of benefit and/or unjust enrichment.

47.    Defendants have unjustly benefited from their misconduct, and gained unjust enrichment through their misrepresentation and suppression of material qualifying fact, and their continuing practice of misrepresentation and suppression of material qualifying fact, and are due to be punished by an award of punitive damages which deprive Defendants of their unjust enrichment, and any benefit or advantage gained by holding or retaining this unjust enrichment, and in such amounts which sufficiently deter Defendants and others from engaging in the misconduct or similar misconduct in the future.

48.    Plaintiff avers that the negligent or wanton conduct of Defendants Preferred Pain and Frenette combined and concurred to proximately injure and damage the Plaintiff.

49.    Plaintiff avers that as a result of Defendants' misconduct, Plaintiff was injured and damaged, suffered financial loss, compensatory and consequential

damages, special damages, damage to her income, damage to her ability to earn an income in the past, present and future, mental anguish, embarrassment, humiliation, other emotional distress and Plaintiff was otherwise injured and damaged.

WHEREFORE, Plaintiff demands compensatory and punitive damages against Defendants Preferred Pain and Frenette, separately and severally, in such amounts which are commiserate to the damage inflicted by such wrongful misconduct, as to determined by a struck jury, including interest and costs of the action.

Respectfully Submitted,

On Behalf of Plaintiff:

*s/James R. Morgan*

James R. Morgan, P.C.          James R. Morgan (asb-5774-n71j)
1605 Richard Arrington Jr Blvd South
Birmingham, Alabama 35205
Telephone:  (205) 918-0808
Facsimile:  (205) 918-0807
E-Mail: Jim@JMorganPC.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY IN THIS CAUSE.**

*s/James R. Morgan*

James R. Morgan

PLAINTIFF'S ADDRESS:
Regina Godfrey
c/o James R. Morgan, P.C.
1605 Richard Arrington Jr Blvd S
Birmingham, Alabama 35205
Telephone: 205-918-0808
Facsimile: 205-918-0807
Email:  jim@jmorganpc.com

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL ADDRESSED, AS FOLLOWS:**

Preferred Pain Associates of Alabama, P.C.
c/o Luc Frenette
3932 Butler Springs Way
Hoover, AL 35226

Luc Frenette
3932 Butler Springs Way
Hoover, AL 35226

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA <br> ☒ EEOC | |

State or local Agency, if any _____ and EEOC

| NAME(Indicate Mr., Ms., Mrs.) <br> Regina Diane Godfrey | HOME TELEPHONE (Include Area Code) <br> 205-773-9624 |
|---|---|

| STREET ADDRESS <br> 3048 Vintage Way | CITY, STATE AND ZIP CODE <br> Moody, AL 35004 | DATE OF BIRTH <br> 03-22-1952 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME  Preferred Pain Associates of Alabama, P.C. | NUMBER OF EMPLOYEES, MEMBERS <br> Unknown | TELEPHONE (Include Area Code) <br> 205-508-5300 |
|---|---|---|

| STREET ADDRESS <br> 5057 Pinnacle Square, Birmingham, AL 35235 | CITY, STATE AND ZIP CODE | COUNTY <br> Jefferson |
|---|---|---|

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
08-05-2020

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with the above-named respondent on or about July 1, 2014, and at the time I learned of my termination, I held the title of office manger and personal assistant.  On August 5, 2020, I learned I was being terminated from my employment with respondent. The reason communicated to me for my termination was that I was "very destructive and very difficult to work with," other employees were not "happy" with me and that I "could not change," but I believe that my employer's reason for terminating my employment was pretextual and the real reason for my termination was my employer's desire to replace me with a younger employee.

I believe that I have been discriminated against because of my age, sixty-eight (68), in violation of the Age Discrimination Employment Act of 1967, as amended, in that I was replaced by a younger female employee (under the age of 40) and this employee has considerably less time and seniority, is less qualified and/or less skilled and has less knowledge and/or less practical experience. I was the oldest employee of my employer.

During the time of my employment, my employer failed to pay me for overtime (112.20 hours in 2017, 239.15 hours in 2018, 105.70 hours in 2019, 27.05 hours in 2020) .  My employer also failed to pay me for 366.26 hours of paid time off (PTO) that I had accrued during my employment.  At the time of my termination, I earned $27.35 per hour.  I am aware that all other previous and younger employees were paid for their PTO at the time of their termination.  As of this date, I have not received my overtime wages and I have not received my earned PTO wages.

It is my understanding that my employer was/is a federal contractor and was part of a group of companies that provided medical services through the same physicians, including services that were performed at various locations other than the location where I worked.

| I want this charge filed with both the EEOC and the State or local Agency, if any I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br><br> SIGNATURE OF COMPLAINANT |
| *Regina Diane Godfrey* <br> Date 1-28-2021    Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> (Day, month, and year) |

EEOC FORM 5 (REV. 3/01)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Birmingham District Office**
1130 22nd Street South ,Suite 2000
Birmingham ,Alabama ,35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
FAX (205) 212-2105
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/24/2022

**To:**  Regina D. Godfrey
3084 Vintage Way
Moody, AL 35004

Charge No: 420-2021-00999

EEOC Representative and email:        RICHARD MUSGRAVE
Federal Investigator
richard.musgrave@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 420-2021-00999.

On Behalf of the Commission:

MICHAEL COCHRAN   Digitally signed by MICHAEL COCHRAN
Date: 2022.02.24 15:31:31 -06'00'

*for*  Bradley A. Anderson
District Director

**Cc:**
Carl E Chamblee
Attorney at Law
CHAMBLEE & MALONE
cchambleejr@alabamalawyer.org
Human Resources
Human Resources
PREFERRED PAIN ASSOCIATES OF ALABAMA
tammypain1980@gmail.com

James R Morgan
JAMES MORGAN
jim@jmorganpc.com


Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.  Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 420-2021-00999 to the District Director at Bradley Anderson, 1130 22nd Street South Suite 2000
Birmingham, AL 35205. You can also make a FOIA request online at
https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.